IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAKEEM SULTAANA, | ) | CASE NO. 1:15 CV 0382 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JOHN JERMAN, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendants. | ) | **ORDER, REPORT &** |
| | ) | **RECOMMENDATION** |

## Introduction

Before me by referral[1] is Hakeem Sultaana's *pro se* civil rights action under 42 U.S.C. § 1983 that the Sixth Circuit has stated constitutes a single claim against two defendants that Sultaana was improperly deprived of cash seized at his home during the execution of a valid arrest.[2]

Now pending are three motions by Sultaana:

- seeking the required joinder of all employees of the Cuyahoga County Sheriff's Department, and all civilian ride-along personnel, who "participated" in arresting Sultaana;[3]

- seeking to strike the defendants' filing[4] in answer to my order of June 15, 2018,[5] on the grounds that Sultaana had not been served with that filing;[6] and

---

[1] The matter was referred to me for general pretrial supervision by Senior United States District Judge Donald C. Nugent. ECF No. 27.
[2] ECF No. 23 at 5.
[3] ECF No. 100.
[4] ECF No. 103.
[5] ECF No. 96.
[6] ECF No. 104.

- seeking a "status report" as to unidentified issues because Sultaana is "suffering actual prejudice" due to "all unnecessary delays."[7] This motion also renews a motion – for the third time – to the presiding district judge to vacate the referral, and further asserts that these motions are a predicate "to filing an original action in the Sixth Circuit Court of Appeals."[8]

For the reasons set forth below, Sultaana's motions for joinder and to strike will be denied. I will recommend denial of that portion of his last motion containing a request for a status report.

## Analysis

**A.    Joinder**

As noted before, the Sixth Circuit strictly confined this litigation to a single §1983 claim involving an improper seizure of property by two named officers while executing a valid arrest warrant at Sultaana's home.[9] Initially, joinder under Fed. R. Civ. P. 19 – the rule cited by Sultaana[10] – "does not provide a joinder mechanism for plaintiffs, but is rather the tool of the defendant."[11] However, a motion for joinder by the plaintiff may be considered as made under Fed. R. Civ. P. 21.[12] In either situation, "the provisions for joinder of parties under Rules 19 and 21 are not immune from the statute of limitations."[13]

---

[7]ECF No. 107.
[8]*Id.*
[9]ECF No. 23.
[10]ECF No. 100.
[11]*Thompson v. Dolgencorp, LLC, et al.*, 304 F.R.D. 641, 642 (E.D. Oklahoma 2015) (internal citation omitted).
[12]*Id.*
[13]*Id.* (internal citations omitted).

2

In this instance, the applicable statute of limitations for §1983 cases brought in Ohio is two years.[14] Because this action deals with conduct incident to a 2014 arrest, and the action itself was filed in 2015,[15] expanding the case to include new additional parties would place those parties beyond the limitations period.

Alternatively, it may be that any new party could be shown to relate back to the date of original filing of the case under Rule 15(c). But, as Judge Dowd explained in a matter similar to the present action,[16] a §1983 plaintiff may not take advantage of relation back when the new party is simply a party the plaintiff could have sued from the beginning, but did not:

> [A]dding new, previously unknown defendants in place of "John Doe" defendants "is considered a change of parties, not a mere substitution of parties," and "such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)." [The plaintiff] did not make a mistake about the identities of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period.[17]

Accordingly, inasmuch as Sultaana is in the identical position as the plaintiff in *Smith*, Judge Dowd's reasoning is fully applicable here. Sultaana's motion for joinder[18] is denied for the reasons stated above.

---

[14]*Walker v. City of Lakewood*, 742 F. Supp. 429, 430 (N.D. Ohio 1990) (citations omitted).
[15]ECF No. 1.
[16]*Smith v. City of Akron*, 476 Fed. App'x 67 (N.D. Ohio 2012).
[17]*Id.* at 69 (internal citation omitted).
[18]ECF No. 100.

**B.     Motion to strike**

Sultaana seeks to strike[19] the response filed by defendants on July 13, 2018,[20] as required by my order.[21] "Motions to strike are both disfavored under the Federal Rules of Civil Procedure and *are only appropriate as to pleadings*."[22] Fed. R. Civ. P. 12(f) thus permits a court to only strike material contained in a pleading.[23] Sultaana's motion is therefore denied as beyond the scope of Rule 12(f) of the Federal Rules of Civil Procedure.

**C.     Status report**

Although the portion of this motion seeking a revocation of the referral is committed to the district judge, that portion of the motion seeking a status conference is addressed here. As noted, the purported reason for both aspects of the motion is that Sultaana is "suffering" "actual prejudice" from "all unnecessary delays."[24]

Without seeking to review the entire history of a matter filed in 2015[25] that has been reviewed three times by the Sixth Circuit,[26] the current status of the matter is apparent on the face of the court's docket. It shows a rejected attempt by this Court to appoint counsel for Sultaana specifically to move the process along in a more orderly fashion.[27] It also

---

[19]ECF No. 104.
[20]ECF No. 103.
[21]ECF No. 96.
[22]*Meyers v. State of Ohio*, No. 1:14 CV 01505, 2015 WL 1954546, at *3 (N.D. Ohio April 29, 2015) (emphasis added).
[23]*Id.*
[24]ECF No. 107.
[25]ECF No. 1.
[26]ECF Nos. 19, 23, 83.
[27]*See* ECF No. 90.

shows that this Court denied a request for a hearing on June 15, 2018, in a detailed order setting out the outstanding issues and ordering the parties to provide detailed information as to what discovery remains.[28]

In the barely two months since that order, which was objected to,[29] the docket sheet shows eight filings by the parties, including the three motions by Sultaana considered here. These motions have been addressed within 45 days of their filing.

Based on the objective record, discussed above, there is no basis for interrupting the process set in motion by my June order with a status conference at this time. Accordingly, I recommend denial of that portion of Sultaana's motion.[30]

Dated: September 4, 2018   s/ William H. Baughman, Jr.
                           United States Magistrate Judge

---

[28]ECF No. 96.
[29]ECF No. 99.
[30]ECF No. 107.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[31]

---

[31] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).