IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAKEEM SULTAANA, | ) | Case No. 1:15-CV-00382 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| JOHN JERMAN, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |

Plaintiff Hakeem Sultaana, an Ohio prisoner proceeding *pro se*, filed a 42 U.S.C. § 1983 complaint, alleging, in relevant part[1], that Defendant-Detectives John Jerman and Richard Williamson (the "defendant-detectives") violated his constitutional rights by illegally seizing currency from his home pursuant to a defective arrest warrant issued pursuant to a defective affidavit by Detective Jerman. *See* ECF Doc. 1 at 3-6; *see also* ECF Doc. 23. This court initially dismissed Sultaana's complaint, which included claims against the defendant-detectives and other government officers/employees. ECF Doc. 7. The Sixth Circuit reversed in part, finding that Sultaana alleged sufficient facts to state a Fourth Amendment claim under § 1983 for the defendant-detectives' allegedly illegal seizure of currency. ECF Doc. 23. The Court affirmed the dismissal order with respect to all other claims. ECF Doc. 23. The Sixth Circuit remanded

---

[1] Sultaana's complaint also raised claims against Judge Peter J. Corrigan, Cuyahoga County, Hilary Wood, and a John Doe defendant. ECF Doc. 1. This court initially dismissed all of Sultaana's claims under 28 U.S.C. § 1915(e). ECF Doc. 7. The Sixth Circuit reversed in part with respect to Sultaana's illegal seizure of currency claim against Detectives Jerman and Williamson, but affirmed in part with respect to the dismissal of all other claims. ECF Doc. 23.

Sultaana's case for further proceedings. ECF Doc. 23. Since then, expeditious resolution of this matter has remained elusive. Several deadlines have come and gone, and this court has modified the case schedule on multiple occasions. The following is the most current case schedule:

| | |
|---|---|
| Close of Discovery: | March 29, 2019 |
| Filing of Dispositive Motions: | May 3, 2019 |
| Filing of Responses: | June 3, 2019 |
| Filing of Replies: | June 21, 2019 |
| Jury Trial: | December 2, 2019 |

ECF Doc. 130 at 6; ECF Doc. 167. Additionally, this case was stayed since May 15, 2019, pending status reports after conferences between Sultaana and now-terminated standby counsel. *See* ECF Doc. 147. As implied by the Court's order setting a trial date and denying reconsideration of that trial date, this case is no longer stayed.[2] *See* ECF Doc. 167; ECF Doc. 170 ("Order denying Plaintiff's motion for reconsideration. This case has been pending over four years.").

This case was initially referred to Magistrate Judge William Baughman, Jr., for general pretrial supervision, pursuant to Local Rule 72.1 and 28 U.S.C. § 636(b) (permitting, *without regard to whether any party consented*,[3] a district judge to designate a magistrate judge to hear and determine any non-dispositive pretrial matter pending before the court, conduct hearings, and submit a report and recommendation for proposed findings of fact and disposition on any pretrial matter in the case). Magistrate Judge Baughman was recused on August 13, 2019, and the 28 U.S.C. § 636(b) referral was reassigned to me. ECF Doc. 168. A review of the docket

---

[2] If the implicit lifting of that stay is somehow argued to be unclear, the court now makes the lifting of the stay explicit.

[3] Sultaana has consistently resisted a magistrate judge referral in this case, asserting that a referral is improper because he did not consent to magistrate-judge jurisdiction. *See*, *e.g.*, ECF Doc. 171 ("[O]bjection is lodged since January 6th, 2017, this Court referred this case to [a] [m]agistrate [j]udge . . . for general pre-trial supervision. But no parties consented to the jurisdiction of [a] [m]agistrate [j]udge."). But the Sixth Circuit has made it clear that "a § 636(b) referral does not require the consent of the parties." *Holt-Orstead v. City of Dickson*, 641 F.3d 230, 234 (6th Cir. 2011).

reveals four pending motions: (1) a "motion to compel a discovery response" by the defendant-detectives (ECF Doc. 136); (2) a "motion for joinder" by Sultaana (ECF Doc. 140); (3) a "motion to strike defendants' motion to compel a discovery response" by Sultaana (ECF Doc. 141); and (4) a "motion for extension of time to file dispositive motions" by the defendant-detectives (ECF Doc. 144).

For the reasons discussed below, the defendant-detectives' motion to compel discovery (ECF Doc. 136) is GRANTED. Sultaana's motion to strike (ECF Doc. 141) and motion for joinder (ECF Doc. 140) are DENIED. The defendant-detectives' motion to extend the time to file a dispositive motion (ECF Doc. 144) is GRANTED.

**I.      Motion to Compel and Motion to Strike**

In their motion to compel, defendant-detectives assert that they attempted to depose Sultaana on March 29, 2019 – the final day of discovery. ECF Doc. 136 at 1. Sultaana refused to answer questions and claimed that he never received notice of the deposition. *Id.* The defendant-detectives argue that they were in contact with Sultaana during the week preceding the close of discovery, he said he was available for the deposition from March 25 through 29, 2019, and on March 28, 2019, and the defendant-detectives noticed Sultaana's deposition to occur on March 29, 2019. ECF Doc. 136 at 1-2; ECF Doc. 136-2 at 1; ECF Doc. 133. In response, Sultaana filed a motion to strike the defendant-detectives' motion to compel, asserting as a purported reason to strike the defendants' motion that he did not receive a copy of it until April 10, 2019. ECF Doc. 141; *see also* ECF Doc. 145 at 1-2 (noting that the defendants filed their motion on March 29, 2019).

Sultaana's objection to the defendant-detectives' motion to compel lacks merit. On March 8, 2019, the court ordered Sultaana to comply with the defendants' discovery requests,

3

including their request to conduct a deposition. ECF Doc. 130 at 2-3. Moreover, Sultaana received notice of the deposition date, indicated he was available on the selected deposition date, and actually appeared, notwithstanding his apparent refusal to participate in good faith. ECF Doc. 133; ECF Doc. 136-1 at 1-2. Although normally a deposition notice would be filed earlier than the day before the deposition, the timing of notice came about after the parties had consulted and agreed upon the selected date. Further the allegedly late notice did not excuse Sultaana's refusal to answer questions. Sultaana was aware Defendants were seeking to depose him that week and knew that March 29, 2019 was the final day they could do so. ECF Doc. 136-1; ECF Doc. 136-2; ECF Doc. 130 at 6. Sultaana has not given any good reasons why this Court should change its mind that he is required to comply with the defendants' discovery request.

Defendants' motion to compel (ECF Doc. 136) is GRANTED.[4]

Plaintiff's motion to strike (ECF Doc. 141) is DENIED.

Deposition of Sultaana shall be completed no later than September 6, 2019. Trial begins in December. If Sultaana does not comply with this order instructing him to cooperate in his deposition, the court may consider sanctions against Sultaana, including dismissal of his claims with prejudice. *See Vance v. Secretary, U.S. Dep't of Veterans Affairs*, 289 F.R.D. 254 (S.D. Ohio 2013) (dismissing plaintiff's complaint with prejudice due in part to his failure to appear at his deposition).

## II.   Motion for Joinder

Sultaana moves to join under Fed. R. Civ. P. 19 "Detective Matthew Massey, Cuyahoga County Sheriff's Warrant Unit Sgt. Sharpe, UTHE, Sikora, and Civilian Ride Along (John Doe)"

---

[4] In their motion, the defendant-detectives also ask that the Court award "reasonable expenses incurred in making [their] motion, including ordering Plaintiff to pay the expense of the court reporter present [on the day the original deposition was to be taken]." ECF Doc. 136. In the interest of expediency, the Court will withhold ruling on this issue until after disposition on the merits.

as defendants. ECF Doc. 140. He asserts that he discovered these other individuals were present during and assisted with his arrest, during which Jerman and Williamson allegedly seized his cash. ECF Doc. 140 at 2-3. Sultaana asserts that, if the additional defendants are not joined, the court would not be able to accord complete relief among existing parties. ECF Doc. 140 at 3; *see also* ECF Doc. 146; ECF Doc. 155.

The defendant-detectives respond that Sultaana's motion should be denied because it is: (1) late; (2) a baseless dilatory tactic; and (3) made almost two years after he received the document that led him to the discovery of these individuals' alleged involvement. ECF Doc. 142 at 1-2. The defendant-detectives assert that Sultaana has not shown good cause for failing to seek joinder sooner and before discovery closed. ECF Doc. 142 at 2.

The time to join new parties expired on June 15, 2017. ECF Doc. 43. As stated in this Court's earlier orders, new parties can be added to this case only upon a showing of good cause. *See* ECF Doc. 51 at 2. Further, the Sixth Circuit's specific finding that this case "encompasses a single, narrowly defined issue" – whether Jerman and Williamson improperly seized cash from his home during the execution of a valid arrest warrant – further limits any potential joinder. *See* ECF Doc. 116 at 1; ECF Doc. 111 at 1; ECF Doc. 130 at 2-3.

Sultaana has not shown good cause why the additional parties should be joined at this late date. First, Sultaana has not shown that the additional parties are necessary because: (1) he has not shown any reasons why the court could not accord complete relief between Sultaana, Jerman, and Williamson based on the claims currently before the court in the absence of the additional parties; and (2) he has not shown that the additional parties claim any interest related to the resolution of Sultaana's claims against Jerman and Williamson. *See* Fed. R. Civ. P. 19(a)(1). Further, Sultaana has not explained how or when he acquired the report from which he

5

discovered the additional parties' alleged involvement in his arrest (assuming he did not receive it in the defendants' production two years ago), nor has he given any reasons why he waited so long to seek joinder. *See* ECF Doc. 140; ECF Doc. 146; ECF Doc. 155. Moreover, discovery is closed. Trial is scheduled for December. Adding new parties now would inevitably lead to a postponement of the trial, something the court has already concluded shall not occur.

Sultaana's motion for joinder is DENIED.[5]

### III. Motion for Extension

The deadline for filing dispositive motions has long since passed, but the deposition of Sultaana is still outstanding. It is important that Sultaana be deposed before parties can file dispositive motions, so Defendants' motion for extension is GRANTED.

Because trial has been scheduled for December 2, 2019, parties shall adhere to an abbreviated briefing schedule. Dispositive motions are to be filed by September 20, 2019, responses shall be filed not later than October 4, 2019, and replies are due by October 14, 2019. No extensions shall be granted.

### IV. Summary

The stay is lifted. The defendant-detectives' motion to compel discovery (ECF Doc. 136) is GRANTED. The defendant-detectives request for expenses in filing a motion to compel and for court reporter fees on the date the original deposition was to occur (ECF Doc. 136 at 2) is held in abeyance. Sultaana's motion to strike (ECF Doc. 141) and motion for joinder (ECF Doc. 140) are DENIED. The defendant-detectives' motion to extend the time to file a dispositive motion (ECF Doc. 144) is GRANTED.

---

[5] This decision does not address, and should not be construed to opine regarding, whether Sultaana may pursue his claims against the parties he seeks to join by filing a separate lawsuit against them.

The new, expedited case schedule is as follows:

**Deadline for Deposition of Sultaana**: September 6, 2019

**Deadline for Dispositive Motions**: September 20, 2019

**Responses in Opposition to Dispositive Motions**: October 4, 2019

**Replies to Responses in Opposition**: October 14, 2019

**Trial**: December 2, 2019

No further extensions will be granted. This case is over four years old.

**IT IS SO ORDERED.**

Dated: August 29, 2019

Thomas M. Parker
United States Magistrate Judge