IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAKEEM SULTAANA | ) | Case No. 1:15-CV-382 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| JOHN JERMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

The defendants, John Jerman and Richard Williamson, have filed a motion to amend the case schedule to extend the time to depose Plaintiff Hakeem Sultaana and file dispositive motions. ECF Doc. 185. Sultaana has filed: (1) a "motion to compel written deposition from James Gutierrez" (ECF Doc. 178); and (2) a renewed "motion to compel the depositions of defendants" (ECF Doc. 186).

## I. Background

This is a case that has been pending for over four years. On May 16, 2019, the court stayed proceedings and appointed standby counsel to help Sultaana better organize his litigation because his "delaying and oppositional motions" had "consumed countless hours of judicial resources." ECF Doc. 147 at 1. In that order, the court directed Sultaana and standby counsel to:

> consider ways of ensuring that all *scheduled discovery* is completed in accordance with the agreements of the parties and this Court's orders. *Nothing stated here shall be understood as requiring, suggesting, or implying that this consultation, having considered the matters set forth, result in any particular outcome.* . . . [It is further ordered] that Sultaana, counsel for the defendants, and standby counsel

participate in a telephone status conference with the Court no later than June 14, 2019 to finalize a revised case management plan.

ECF Doc. 147 at 3 (emphasis added). The court continued the stay multiple times, but never scheduled a telephone status conference. CM/ECF for N.D. Ohio Case No. 1:15-cv-382, Non-Document Orders dated June 5, 2019; June 17, 2019; July 1, 2019; and July 22, 2019. Shortly after the last stay order, standby counsel withdrew, the then-assigned magistrate judge was recused, and the court ordered the parties to prepare for trial on December 2, 2019. ECF Doc. 166; ECF Doc. 167; ECF Doc. 168.

On August 29, 2019, in an effort to ensure that the parties would be prepared for trial, the court issued an order resolving several pending motions and setting an expedited case schedule for pending discovery issues and dispositive motions. ECF Doc. 172. The updated case schedule did not reopen discovery, which had closed more than two months before the court had stayed this case. *See* ECF Doc. 172 at 2, 7; *see also* ECF Doc. 176 at 1-2. Nevertheless, the court provided a September 6, 2019, deadline for the defendants to depose Sultaana because defendants had noticed their deposition and attempted to conduct it before discovery closed; however, Sultaana refused to cooperate. *See* ECF Doc. 172 at 3-4, 7. The court also provided that dipositive motions would be due on September 20, 2019; opposition briefs on October 4, 2019; and replies on October 14, 2019. ECF Doc. 172 at 7. The court ordered that no extensions would be granted. ECF Doc. 172 at 6-7.

Thereafter, Sultaana filed a motion to depose the defendants at the same time the defendants were scheduled to depose him. ECF Doc. 175. The court denied the motion because Sultaana had not shown good cause why discovery should be reopened and noted that the order allowing defendants to depose Sultaana had not reopened discovery. ECF Doc. 176.

The defendants never deposed Sultaana. *See* ECF Doc. 185.

The court did not hear from the defendants until they filed their present motion and a notice of substitution of counsel, on September 13, 2019 – seven days after the deadline to depose Sultaana had passed. ECF Doc. 184; ECF Doc. 185.

## II. Motion to Amend the Case Schedule & Motion to Depose the Defendants

In their motion, the defendants asked this court to make the following modifications to the case schedule: (1) the deadline to depose Sultaana would be September 20, 2019[1]; (2) the dispositive motion deadline would be October 4, 2019; (3) opposition briefs would be due October 18, 2019; and (4) replies would be due October 27, 2019. ECF Doc. 185 at 1-2. The defendants explained that "[u]ndersigned counsel only recently became aware of this Honorable Court's deposition and dispositive motion deadlines." ECF Doc. 185 at 1. Plaintiff Sultaana, in his own motion, later explained how this was possible. *See* ECF Doc. 186 at 3. Sometime before Sultaana's July 19, 2019, status report, then-defense counsel Brendan Doyle took a new position with the county and ceased representing the defendants. ECF Doc. 156 at 1; ECF Doc. 186 at 3. Doyle never filed a motion to withdraw as counsel. *See* ECF Doc. 186 at 3. And Brian Gutkoski – the defendants' new counsel – never filed an appearance until the September 13, 2019, notice of substitution of counsel. ECF Doc. 184.

In his renewed motion to depose the defendants, Sultaana notes the collective confusion between the parties that flowed from the orders staying the case as well as Doyle's decision to cease representing the defendants without moving to withdraw. ECF Doc. 186. He asserts, for a second time, that he was under the impression that the court had stayed the case to allow the

---

[1] The defendants' motion actually states "Deadline to depose Plaintiff Sultaana and his mother, Amirah Sultaana – Sept. 20, 2019." ECF Doc. 185 at 1. However, as discussed in the August 29, 2019, order, discovery is closed. *See* ECF Doc. 172. The defendants have **never** sought permission to reopen discovery for the purpose of deposing *Amirah Sultaana*, and, notwithstanding how they labelled their proposed deadline, they do not ask for such permission in their present motion. *See* ECF Doc. 185.

3

parties to clear up their mutual confusion and resolve pending discovery matters – even though discovery had closed before the case was stayed. ECF Doc. 186; *see also* ECF Doc. 175.

Parties who wish to amend the case scheduling order after they failed to comply with it must show good cause why their neglect to comply with the order should be excused. Fed. R. Civ. P. 6(b)(1); *see also* Fed. R. Civ. P. 16(b)(4). Further, courts will typically only reconsider interlocutory orders if there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rover Pipeline LLC v. 5.9754 Acres of Land*, No. 3:17-cv-225, 2019 U.S. Dist. LEXIS 56521, at *14 (N.D. Ohio Apr. 2, 2019) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)).

In light of the collective confusion demonstrated in the parties' motions, as well as their mutual wish to take each other's depositions, both the standards for modification of the scheduling order and reconsideration are met, with respect to the parties' need to take each other's depositions. Fed. R. Civ. P. 6(b)(1); *Rover Pipeline LLC*, 2019 U.S. Dist. LEXIS 56521, at *14; *Rodriguez*, 89 F. App'x at 959; ECF Doc. 185; ECF Doc. 186. Thus, the defendants' motion to amend the case schedule (ECF Doc. 185) is **GRANTED IN PART**.

Similarly, in light of the parties' confusion and the court's March 8, 2019, order that the defendants be deposed at the same time they deposed Sultaana (ECF Doc. 130), Sultaana's motion to reconsider the court's previous order (ECF Doc. 175) and permit him to depose the defendants on the same date that his deposition will be scheduled is **GRANTED**.

The case schedule set in the court's August 29, 2019, order is **VACATED**. The parties shall have until **October 30, 2019,** to depose each other.

The remaining portion of the defendants' motion to amend the case schedule – a modified schedule for dispositive motions and responsive briefing – presents a problem. Rule 56 provides that a party may file a motion for summary judgment any time *until 30 days after the close of all discovery*. Fed. R. Civ. P. 56. All discovery closed on March 29, 2019. *See* ECF Doc. 172. The court's order to permit the parties to take very limited depositions does not reopen "all discovery." Therefore, the time to file motions for summary judgment under Rule 56 has expired. Further, the defendants' recommended dispositive motions schedule would not leave 60 days for the court to rule on their motion before trial, as the Local Rules contemplate. *See* Local Rule. 7.3. Because the court must manage this case in "the most effective and efficient manner" and "avoid unnecessary delay," *see* Local Rule 16.1, dispositive motions will not be allowed. Accordingly, the defendants' motion to amend the case schedule (ECF Doc. 185), is **DENIED IN PART**.

### III. Motion to Compel

In his motion to compel, Sultaana echoes the same motif of confusion following the stay order and his belief that he was allowed to resolve pending discovery issues, including his wish to depose Gutierrez. ECF Doc. 178. A review of the record shows that Sultaana originally sought to depose Gutierrez in August 2017, and again in September 2017. ECF Doc. 58; ECF Doc. 66. In October 2017, court denied without prejudice his motions to depose Gutierrez and *sua sponte* appointed counsel to represent Sultaana. ECF Doc. 73. Sultaana never attempted to renew his request to depose Gutierrez until the present motion. ECF Doc. 178.

Because the court had denied Sultaana's requests to issue subpoenas for Gutierrez's depositions and Sultaana had not renewed those motions, his present motion to compel is effectively a motion to reopen discovery for the limited purpose of deposing Gutierrez. To

succeed, Sultaana must show good cause for failing to obtain earlier the requested discovery through the exercise of due diligence. *See* Fed. R. Civ. P. 16(b)(4); *Newman v. Fed. Express Corp.*, 266 F.3d 401, 403-06 (6th Cir. 2001). As discussed above, the confusion that followed from the various appointments of standby counsel and the stay order, provide good cause for Sultaana's failure to complete his discovery earlier. Accordingly, Sultaana's motion to reopen discovery for the limited purpose of taking a written deposition of Gutierrez is **GRANTED**. Sultaana shall take Gutierrez's written deposition on or before **October 30, 2019.**

**IV. Summary**

The defendants' motion to amend the case schedule (ECF Doc. 185) is **GRANTED IN PART** with respect to their request to extend the time to depose Sultaana, and **DENIED IN PART** with respect to their request to extend the time to file dispositive motions. Sultaana's motions to reopen discovery for the limited purpose of deposing the defendants at the same time as his own deposition (ECF Doc. 186) is **GRANTED**. Sultaana's motion to reopen discovery for the limited purpose of taking James Gutierrez's written deposition (ECF Doc. 178) is **GRANTED.**

The case schedule set in the court's August 29, 2019, order is **VACATED**. The new case schedule is as follows:

Depositions of Defendants, Sultaana, and Gutierrez: October 30, 2019

Trial: December 2, 2019

**IT IS SO ORDERED.**

Dated: September 19, 2019

Thomas M. Parker
United States Magistrate Judge