IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HAKEEM SULTAANA, | ) Case No. 1:15-cv-382 |
| | ) |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| JOHN JERMAN, *et al.*, | ) |
| | ) |
| Defendant. | ) **ORDER** |
| | ) |

Adding to the already extensive motions-warfare in this case, the parties have filed numerous motions throughout September and October. Now pending are: (1) plaintiff Hakeem Sultaana's "motion to request CD from case 16cv02884" (ECF Doc. 193); (2) the defendants' "motion to strike all over-the-counter filings by Amirah Sultaana" (ECF Doc. 198); (3) Sultaana's motion for summary judgment (ECF Doc. 199); (4) the defendants' motion to strike Sultaana's motion for summary judgment[1] (ECF Doc. 201); and (5) Sultaana's motion to appoint standby counsel (ECF Doc. 206).

For the reasons discussed below, Sultaana's "motion to request CD" (ECF Doc. 193) is DENIED. The defendants' "motion to strike all over-the-counter filings by Amirah Sultaana" (ECF Doc. 198) is DENIED. Sultaana's motion to appoint standby counsel (ECF Doc. 206) is DENIED. The defendants' motion to strike Sultaana's motion for summary judgment (ECF

---

[1] Along with their motion to strike Sultaana's motion for summary judgment, the defendants also moved for the court to revoke Sultaana's *in forma pauperis* status and declare him a vexatious litigator. *See* ECF Doc. 201 at 4-7. The court will address that motion in a separate order.

Doc. 201) is GRANTED. The court orders that Sultaana's motion for summary judgment (ECF Doc. 199) be STRICKEN FROM THE RECORD.

I.      **Motion to Request CD**

In his "motion to request CD," Sultaana asks that the court transfer to the docket in this case a CD recording of controlled calls that he had filed in his now-closed habeas case. ECF Doc. 193; *see also* CM/ECF for N.D. Ohio Case No. 1:16-cv-2884, Doc. 151 ("3/6/14 CD Evidentiary Documentation of Controlled Calls Placement to Sultaana via Cuyahoga County Sheriff Department by Hakeem Sultaana"). The defendants respond that Sultaana's motion should be denied because he cited no authority or recognized procedure for having evidence filed in one case be transferred to another case. ECF Doc. 205 at 1.

Not only has Sultaana not cited any authority supporting his request, the court's independent research has not revealed the existence of any such authority.[2] If Sultaana wishes to make his CD a part of this case's record, he must file it in this case. If he no longer has his own copy of his CD, he may request a copy from the Clerk's office and pay the applicable copying fee. *See* N.D. Ohio, District Court Miscellaneous Fee Schedule, No. 4(b) ("For reproducing and transmitting in any manner a copy of an electronic record . . . including . . . audio recordings . . . $31 per record provided."); *see also Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003) (indicating that the court may require a prisoner proceeding *in forma pauperis* to pay his own

---

[2] Moreover, the Court notes that discovery is closed, and Sultaana has not shown good cause to reopen discovery because has not explained why he could not have earlier obtained his CD or how it would be relevant to the narrow issue in this case. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Newman v. Fed. Express Corp.*, 266 F.3d 401, 403-06 (6th Cir. 2001) (affirming a district court's order denying a plaintiff's motion to reopen discovery when the plaintiff "had not shown good cause for his failure to obtain discovery through the exercise of due diligence"); *see generally* ECF Doc. 193.

copying fees in conducting discovery). Sultaana's motion (ECF Doc. 193) to transfer into the record for this case the CD he filed in Case No. 1:16-cv-2884 is DENIED.

## II.     Motion to Strike All Over-the-Counter Filings by Amirah Sultaana

In their "motion to strike all over-the-counter filings by Amirah Sultaana," the defendants request that the court strike Sultaana's "notice of taking of deposition with notices written deposition was served on James Gutierrez" (ECF Doc. 179) and "motion to compel written deposition from James Gutierrez" (ECF Doc. 178). ECF Doc. 198 at 1. The defendants assert that those documents should be stricken because Sultaana did not comply with Fed. R. Civ. P. 31(a)(3)'s requirement to properly serve Gutierrez with a notice that states, among other things, the name, descriptive title, and address of the officer before whom the deposition will be taken. ECF Doc. 198 at 1-3. They assert that the Court has authority to strike these pleadings under Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). ECF Doc. 198 at 1. Finally, the defendants ask that the court strike from the record *every filing by Sultaana not accompanied by an envelope originating from prison*, because they believe that each of those documents was filed by Sultaana's mother, Amirah Sultaana. ECF Doc. 198 at 4. The defendants contend that, by filing documents for Sultaana, Amirah Sultaana has engaged in the unlicensed practice of law. ECF Doc. 198 at 4.

Sultaana disagrees. *See generally* ECF Doc. 211. Sultaana asserts, *inter alia*, that the defendants waived any opposition to ECF Doc. 178 by failing to move for reconsideration or file an objection to this court's September 19, 2019, order (ECF Doc. 194). ECF Doc. 211 at 2-4. Further, Sultaana contends that, although he has used Amirah Sultaana's e-mail account for his own personal communications, "Amirah Sultaana has not drafted or filed any motions . . . in a

representation of Sultaana['s] legal interest in an unauthorized practice of law setting." ECF Doc. 211 at 5-6.

As a preliminary matter, the court construed Sultaana's "motion to compel written deposition from James Gutierrez" as a "motion to reopen discovery for the limited purpose of deposing Gutierrez." ECF Doc. 194 at 19. The court found that Sultaana had shown good cause for failing to earlier depose Gutierrez and granted the motion as construed. ECF Doc. 194 at 5-6. The defendants did not object within 14 days of that order. In light of the order granting Sultaana's motion, as construed, the defendants' motion to strike (ECF Doc. 198) is DENIED AS MOOT, with respect to Sultaana's "motion to compel written deposition from James Gutierrez."

With respect to Sultaana's "notice of taking of deposition with notices written deposition was served on James Gutierrez" (ECF Doc. 179), the court agrees that Sultaana failed to comply with Rule 31(a)(3)'s requirement to disclose the name, descriptive title, and address of the officer before whom the deposition would be taken. As discussed in the court's October 23, 2019, order, Sultaana's notice not only failed to comply with Fed. R. Civ. P. 31(a)(3), but also failed to comply with Fed. R. Civ. P. 26(b). *See* ECF Doc. 228 at 7-8 (finding that many of Sultaana's proposed questions were irrelevant to this case and that compelling the deposition, without notice about the officer before whom it would be taken, would impose an undue burden and inconvenience upon Gutierrez). Nevertheless, Rule 12(f) authorizes the court only to strike pleadings, not discovery. *See Grajales v. P.R. Ports Auth.*, 897 F. Supp. 2d 7, 10 (D.P.R., Jan. 23, 2013); *Riser v. Wash. State Univ.*, No. 2:18-cv-119, 2019 U.S. Dist. LEXIS 182651, at *2 n.1 (E.D. Wash., Jun. 19, 2019). Courts within this circuit have stuck deposition notices under Fed. R. Civ. P. 26(c), which permits a "party or person from whom discovery is sought [to] move for a protective order" if the discovery would unduly annoy, embarrass, oppress, or burden that

party.  *See*, *e.g.*, *Culver v. Wilson*, No. 3:14-cv-660, 2015 U.S. Dist. LEXIS 50095, at *4-8
(W.D. Ken., Apr. 16, 2015).  But the defendants here are not the targets of Sultaana's notice of
deposition of Gutierrez, and therefore have no standing to challenge the deposition notice under
Rule 26(c).  *See* Fed. R. Civ. P. 26(c).  Because the defendant have not pointed to any authority
indicating supporting their motion to strike Sultaana's notice of deposition, their motion to strike
(ECF Doc. 198) is DENIED.  The court does clarify, however, that Sultaana's deposition notice
(ECF Doc. 179) is **invalid** under the Federal Rules of Civil Procedure.  *See*, *e.g.*, *Riser*, 2019
U.S. Dist. LEXIS 182651, at *2 n.1 ("The Court is not striking the notices so much as clarifying
the deposition notices are invalid under the Federal Rules of Civil Procedure.")

Finally, the defendant's request that the court strike every filing *every filing by Sultaana
not accompanied by an envelope originating from prison*, is without merit.  It is true that a non-
attorney may not pursue a legal action on behalf of another in federal court.  *See* 28 U.S.C.
§ 1654 ("In all courts of the United States the parties may plead and conduct their own cases
personally or by counsel as, by the rules of such courts, respectively, are permitted to manage
and conduct causes therein.").  The Federal Rules of Civil Procedure clarify the requirement that
a person proceed on their own behalf or through an attorney admitted to practice before the court
by providing that "[e]very pleading, written motion, and other pay per *must be signed* by at least
one attorney of record in that attorney's name – or *by a party personally if the party is
unrepresented*."  Fed. R. Civ. P. 11(a).  Thus, when an unrepresented party's filings are not
signed by the party, or are signed by a non-attorney proceeding on the unrepresented party's
behalf, the court must strike those filings.  *See*, *e.g.*, *Mathis v. State of Ohio Probate Court*,
No. 2:12-cv-84, 2012 U.S. Dist. LEXIS 14950, at *2-4 (S.D. Ohio, Feb. 6, 2012), *adopted by*
2012 U.S. Dist. LEXIS 26420 (S.D. Ohio, Feb. 29, 2012).  Each of Sultaana's filings bear his
signature or the signature of standby counsel.  *See* ECF Docs. 1-5, 9-11, 15-16, 21, 29-31, 34-35,

39-42, 44, 46-47, 49, 53-55, 57-68, 70-71, 74-80, 82, 84, 86-88, 91, 93-95, 97, 99-102, 104-107, 109, 112-13, 115, 117, 119-22, 126-28, 131, 134-35, 137-38, 140-41, 143, 145-46, 148-54, 156-65, 169, 171, 173, 175, 177-83, 186-93, 195, 197, 199, 202-04, 206-11, 215-16, 218, 220-22, 224. The sole exception is Sultaana's July 18, 2019, "supplement to motion for joinder," which is not signed by anyone but is accompanied by an envelope stamped "inmate correspondence." ECF Doc. 155. But that document is not subject to defendants' motion to strike, because it was filed more than 21 days before the defendants' motion. *See* ECF Doc. 198 (filed on September 23, 2019); Fed. R. Civ. P. 12(f)(2) (providing 21 days for an opposing party to move to strike a filing). Further, the defendants have not argued, much less produced any evidence such as a handwriting analysis, that any of Sultaana's signatures were forged. *See generally* ECF Doc. 198. Even assuming that Amirah Sultaana did physically deliver Sultaana's filings to the Clerk's office, the defendants have not shown that she acted as anything more than a courier. Accordingly, the defendants' motion to strike (ECF Doc. 198) is DENIED.[3]

### III. Motion to Strike Sultaana's Motion for Summary Judgment

In their motion to strike Sultaana's motion for summary judgment, the defendants assert that Sultaana's motion is improper because: (1) this court previously ordered that the time expired for summary judgment motions under Fed. R. Civ. P. 56; and (2) Sultaana's motion did not comply with the requirements of Local Rule 7.1(f) ("All memoranda exceeding fifteen (15) pages in length . . . must have a table of contents, a table of authorities cited, a brief statement of

---

[3] If the defendants truly believe that Amirah Sultaana has engaged in the unauthorized practice of law, they may report the alleged unauthorized practice to the Secretary of the Board on the Unauthorized Practice of Law, the Office of Disciplinary Counsel, or the local bar association's unauthorized practice of law committee. *See* OHIO S. CT., BOARD ON THE UNAUTHORIZED PRACTICE OF LAW FAQS, *available at* http://www.supremecourt.ohio.gov/Boards/UPL/faq/uplfaq.asp (last viewed October 24, 2019). Nothing in this order shall be construed as *res judicata* to any issues in an unlicensed-practice-of-law claim or charge against Amirah Sultaana.

the issue(s) to be decided, and a summary of the argument presented."). ECF Doc. 201 at 1-2. Further, the defendants assert that Sultaana's motion for summary judgment raises several issues not related to the narrow issue in this case, and that it is actually an improper attempt to relitigate the issues in his denied habeas petition. ECF Doc. 201 at 2-3. Sultaana responds that he properly filed his motion for summary judgment, pursuant to the prison mailbox rule in Rule 3 of the Rules Governing Section 2254 Cases, before the court ruled that no dispositive motions would be taken. ECF Doc. 215 at 4-7. He also asserts that his summary judgment motion is not an attempt to relitigate his habeas case but is confined to the issues in this case. ECF Doc. 215 at 8-9.

The defendants are correct that this court ordered no dispositive motions would be taken because the time to file them had expired. *See* ECF Doc. 194 at 5. Further, the prisoner mailbox rule under the habeas rules does not apply to non-habeas civil cases. *Compare* Rules Governing Section 2254 Cases, Rule 1 ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254."), *with* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts."); Fed. R. Civ. P. 81(4) ("These rules apply to proceedings for habeas corpus and . . . to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases."). Nevertheless, the court again disagrees with the defendants' assertion that Rule 12(f) gives the court authority to strike a defendant's motion for summary judgment – it does not. *Adams v. Valega's Prof. Home Cleaning, Inc.*, No. 1;12-cv-644, 2012 U.S. Dist. LEXIS 157550, at *5 (N.D. Ohio, Nov. 2, 2012) ("A motion to strike [under Rule 12(f)] is technically not available to motions for summary judgment. *Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997)."). Rule 56 also does not provide for "striking" a document that does not conform to its

requirements. *See generally* Fed. R. Civ. P. 56. Instead, the court's authority to strike Sultaana's motion for summary judgment must come through the court's inherent authority to manage its docket. *See Reddy v. JPMorgan Chase Bank, N.A.*, No. 2:09-cv-1152, 2013 U.S. Dist. LEXIS 43640, at *4-5 (S.D. Ohio, Mar. 27, 2013) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (holding that trial courts have inherent power to "manage their own affairs as to achieve an orderly and expeditious disposition of cases"); *see also ACLU of Ky. v. McCreary County*, 607 F.3d 439, 451 (6th Cir. 2010) ("[B]ased on the district court's power to manage its own docket, the court had ample discretion to strike Defendants' late renewed motion for summary judgment."). Because Sultaana's motion for summary judgment was improvidently filed, the defendants' motion to strike Sultaana's summary judgment motion (ECF Doc. 201) is GRANTED. The court orders that Sultaana's motion for summary judgment (ECF Doc. 199) be STRICKEN FROM THE RECORD.

**IV.     Motion to Appoint Standby Counsel**

In his motion to appoint standby counsel, Sultaana asks that the court appoint counsel to assist him in discovery disputes with the defendants, assist in pending depositions, and help with communication to avoid confusion between the parties. ECF Doc. 206 at 1-3. The defendants respond that Sultaana is not entitled to counsel because this is not a criminal case, and they note that he repeatedly objected to standby counsel when previously appointed. ECF Doc. 213 at 1.

A district court has discretion to appoint counsel for an indigent civil litigant. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) ("The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court."). This discretion applies to the appointment of standby counsel. *Cf. McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) (noting that the appointment of standby counsel in a habeas case can "relieve the [trial]

8

judge of the need to explain and enforce basic rules of courtroom protocol"). "Appointment of counsel in a civil case is not a constitutional right. *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987); *see also Poindexter v. FBI*, 238 U.S. App. D.C. 26 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986).

This is not an extraordinary case. There is a narrow issue involved, and Sultaana has repeatedly demonstrated his ability to represent his view on the issues involved here. Further, Sultaana's request for counsel is self-defeating. He does not request counsel to argue his claims for him, but merely to assist him in resolving disputes – some of which are of his own creation – and help him communicate with opposing counsel. *See* ECF Doc. 206 at 1-3. Sultaana's consistent refusal or inability to adequately communicate with counsel for the defendants does not render his case extraordinary. *see* ECF Doc. 229 (detailing Sultaana's refusal to communicate, despite attempts to reach him at the e-mail address he gave defense counsel and the court). Moreover, Sultaana's *resistance* to appointment of standby counsel in the past has likely waived any claim that he needs standby counsel to effectively litigate his case. *See*, *e.g.*, ECF Doc. 148. Accordingly, Sultaana's motion to appoint standby counsel (ECF Doc. 206) is DENIED.

## V. Conclusion

In sum, Sultaana's "motion to request CD" (ECF Doc. 193) is DENIED. The defendants' "motion to strike all over-the-counter filings by Amirah Sultaana" (ECF Doc. 198) is DENIED.

9

Sultaana's motion to appoint standby counsel (ECF Doc. 206) is DENIED. The defendants' motion to strike Sultaana's motion for summary judgment (ECF Doc. 201) is GRANTED. The court ORDERS that Sultaana's motion for summary judgment (ECF Doc. 199) be STRICKEN FROM THE RECORD.

**IT IS SO ORDERED.**

Dated: October 31, 2019

Thomas M. Parker
United States Magistrate Judge