IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAKEEM SULTAANA, | ) | Case No. 1:15-cv-382 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| JOHN JERMAN, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |

Yet again, several motions are before the court. These include: (1) defendants John Jerman and Richard Williamson's "motion to revoke [*in forma pauperis* ("IFP")] status [and] declare [Sultaana] vexatious" (ECF Doc. 201); (2) plaintiff Hakeem Sultaana's "motion to terminate and suspend deposition" (ECF Doc. 233); (3) Sultaana's "motion to compel" defendant Jerman to be sworn under oath in Sultaana's presence at deposition (ECF Doc. 235); (4) Sultaana's "motion to strike all of defendants' filings filed on or after October 18, 2019, for lack of service" (ECF Doc 237); (5) Sultaana's "motion to strike attachment number 2 pertaining to document number 232" (a copy of the proposed joint notice that defendants attached to their October 24, 2019, status report) (ECF Doc. 238); (6) Sultaana's "motion to strike defendants document 229 [October 24, 2019, status report] for lack of service and scandalous matters" (ECF Doc. 240); (7) the defendants' "motion for extension of time until 11/18/19 to file response/reply to 238 motion to strike, 237 motion to strike" (ECF Doc. 252); (8) Sultaana's "motion to provide true identity of defendant Richard Williamson via photograph" (ECF Doc. 263); (9) Sultaana's

"motion for order for civilian clothing" (ECF Doc. 264); (10) Sultaana's "emergency motion for non-party Lebanon Correctional Institution to provide Sultaana access to law library to prepare trial brief" (ECF Doc. 272); (11) Sultaana's "motion for clerk to forward document number 258" (ECF Doc. 284); (12) Sultaana's "emergency motion for reconsideration and motion to vacate this court's November 25, 2019, order" (ECF Doc. 288); and (12) Sultaana's "motion to strike defendant's notice of intent to use the deposition at trial" (ECF Doc. 291)

## I.      Motion to Revoke IFP Status and Declare Vexatious

The defendants argue that the court should revoke Sultaana's IFP status and declare him a vexatious litigator. ECF Doc. 201 at 4-7. They assert that the court should revoke Sultaana's IFP status and dismiss his case "immediately" because: (1) his motion for summary judgment (ECF Doc. 199) and petition for writ of mandamus (ECF Doc. 200) are frivolous filings; and (2) he "has filed before in federal court and lost." ECF Doc. 201 at 4-5. Further, the defendants ask that the court declare Sultaana a vexatious litigator and bar him from filing *any* action or document in federal court "[t]o stem Plaintiff's tide of *pro se* litigation." ECF Doc. 201 at 6. The defendants note that: (1) retired Magistrate Judge Greg White barred Sultaana as a vexatious litigator from making additional filings in a habeas case; (2) the Ohio Court of Appeals and the Ohio Supreme Court have both declared Sultaana a vexatious litigator and barred him from filing new actions without approval; and (3) other judges have warned Sultaana against a pattern of frivolous, unintelligible, and unnecessary filings. ECF Doc. 201 at 5. The defendants conclude that "[i]t is unbelievable that [Sultaana] has been repeatedly declared vexatious by multiple judges of this district, and panels of the Sixth Circuit, yet he is allowed to perpetually file frivolous submission and writs at no cost to him." ECF Doc. 201 at 7.

Sultaana responds that the defendants' motion should be denied because the Sixth Circuit found that his claim against Jerman and Williamson was *not frivolous* and granted him leave to proceed IFP. ECF Doc. 215 at 2. Further, Sultaana contends that the defendants have not pointed any frivolous filings that would support revoking his IFP status and declaring him vexatious. ECF Doc. 215 at 2. Specifically, Sultaana asserts that: (1) his motion for summary judgment was not frivolous because it was filed pursuant to the now-vacated scheduling order; and (2) his petition for writ of mandamus cannot be said to have been dismissed as frivolous because it is still pending before the Sixth Circuit. ECF Doc. 215 at 2-5.

### A. Revocation of IFP Status

Federal courts "have long been authorized to revoke a prisoner's ability to proceed *in forma pauperis* upon determining that the litigant was taking unfair advantage of IFP procedures." *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). The Prison Litigation Reform Act ("PLRA") made the exercise of this authority mandatory in one scenario: when "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought *an action or appeal in a court of the United States* that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim . . ." 28 U.S.C. § 1915(g); *see also Wilson*, 148 F.3d at 603 (stating that the PLRA "merely codifie[d]" federal courts' existing authority).

The defendants have not pointed to any "actions or appeals" by Sultaana, which would support revocation of his IFP status under § 1915(g). Here, Sultaana's motion for summary judgment is not an *action* or an *appeal*. Even if his motion for summary judgment were an *action*, however, Sultaana filed it when he believed – based on an order by this court – that this court would entertain summary judgment motions. *See* ECF Doc. 172 (vacated order setting a deadline for dispositive motions). Sultaana's pending mandamus petition also does not qualify

as a strike under § 1915(g), because it has not been dismissed at all, let alone dismissed as frivolous, malicious, or for failure to state a claim. CM/ECF for 6th Cir. Case No. 19-3911. Finally, the fact that Sultaana has "lost" in federal court before does not, on its own, justify such a severe sanction as revoking IFP status or dismissing a case. *Cf.* 28 U.S.C. § 1915(g) (omitting an language requiring a court to revoke IFP status when a plaintiff has "lost" cases). And it would be bizarre for this court to restrict an indigent plaintiff merely for *losing* a case.

Independent review of Sultaana's other activities before this court and the Sixth Circuit also does not clearly indicate three strikes justifying revocation of Sultaana's IFP status. Sultaana has filed six petitions for habeas corpus, along with related appeals and mandamus petitions. CM/ECF for N.D. Ohio Case Nos. 1:12-cv-3117, 1:14-cv-1235, 1:14-cv-1382, 1:15-cv-1963, 1:16-cv-571, 1:16-cv-2884; CM/ECF for 6th Cir. Case Nos. 13-4127, 15-3051, 16-3388, 16-3301, 16-3299, 18-3425, 16-3146, 16-3414, 18-3424, 18-3812, 19-3252. Of those, two were dismissed for failure to state a claim under Habeas Rule 4 (Case Nos. 1:12-v-3117 and 1:14-cv-1235); one was dismissed as improvidently filed under 28 U.S.C. § 2241 (Case No. 1:14-cv-1382); two were dismissed for failure to exhaust state remedies (Case Nos. 1:15-cv-1963 and 1:16-cv-571); and one was dismissed because the claims it raised were non-cognizable or procedurally defaulted (Case No. 1:16-cv-2884). The Court of appeals denied a certificate of appealability in each case, except for the appeal from the dismissal of Sultaana's § 2241 petition which was dismissed for want of prosecution. CM/ECF for 6th Cir. Case Nos. 13-4127, 15-3051, 16-3388, 16-3301, 16-3299, 18-3425. Sultaana has also filed two other civil actions, which were dismissed under 28 U.S.C. § 1915A for failure to state a claim. CM/ECF for N.D. Ohio Case Nos. 1:17-cv-2501 and 1:18-cv-67; *see also* CM/ECF for 6th Cir. Case Nos. 18-3008 and 19-3373 (dismissing Sultaana's appeals for want of prosecution).

It is clear that Sultaana's civil actions – N.D. Ohio Case Nos. 1:17-cv-2501 and 1:18-cv-67 – are both strikes under § 1915(g) because they were dismissed for failure to state a claim. Less clear is whether any of Sultaana's previous habeas dismissals qualify as strikes. *See Moore v. Dewiltz*, No. 3:19-cv-1329, 2019 U.S. Dist. LEXIS 151386, at *2-3 (N.D. Ohio, Aug. 23, 2019) ("[A]t least three district-court decisions in this Circuit have indicated that habeas dismissals cannot be strikes. *Sedlak v. Holder*, 2016 U.S. Dist. LEXIS 18021 (E.D. Mich. 2015); *Daniel v. Lafler*, 2009 U.S. Dist. LEXIS 65190 (E.D. Mich. 2009); and *Cohen v. Corr. Corp. of Am.*, 2009 U.S. Dist. LEXIS 93459 (N.D. Ohio 2009). So have the Courts of Appeals of several other Circuits. *See*, *e.g.*, *Jones v. Smith*, 720 F.3d 142, 146 (2d Cir. 2013). This Court respectfully disagrees."). Luckily, this Court need not take a position regarding the ostensible conflict within this court on whether habeas dismissals count as strikes because the defendants have not argued that point. *See Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 & n.2 (6th Cir. 2010) (indicating that arguments not raised before a magistrate judge are waived). In the absence of controlling authority on this issue, the court will defer to caution – in favor of Sultaana's access to the courts and against the extraordinary sanction of declaring him a three-strikes violator – and will assume that Sultaana's habeas dismissals do not count as strikes under § 1915(g). Thus, the defendants' motion to revoke Sultaana's IFP status (ECF Doc. 201) is DENIED.

**B.    Vexatious Status**

"A district court has 'inherent authority' to impose sanctions based on a litigant's bad faith, contemptuous conduct, and conduct that 'abuses the judicial process.'" *Bonds v. Daley*, No. 18-5666, 2019 U.S. App. LEXIS 14863, at *8 (6th Cir., May 17, 2019) (citing *First Bank of Marietta v. Hartford Underwriters Ins.*, 307 F.3d 501, 516 (6th Cir. 2002), and *Chambers v.*

*NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)).  Among the available sanctions are: (1) dismissal of the lawsuit; and (2) "an injunctive order to prevent prolific litigants from filing harassing and vexatious pleadings."  *Id.* (citing *Chambers*, 501 U.S. at 45; *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); and *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

The court recognizes that other courts have declared Sultaana a vexatious litigator in other cases.  *See*, *e.g.*, *Sultaana v. Sloan*, No. 1:16-cv-2884, 2018 U.S. Dist. LEXIS 70410 (N.D. Ohio, April 26, 2018); *Sultaana v. Sloan*, No. 1:15-cv-1963, 2016 U.S. Dist. LEXIS 24623 (N.D. Ohio, Feb. 17, 2016); *In re Sultaana*, 36 N.E.3d 188 (Ohio 2015).  Nevertheless, previous declarations and restrictions to Sultaana's filing status *in other cases* do not, alone, provide a good reason for declaring Sultaana a vexatious litigator *in this case* or *any future case*.  The defendants must point to some justification *within this case* – such as a harassing or malicious motion.  *Cf. Bonds v. Daley*, 2019 U.S. App. LEXIS 14863, at *8.  Yet, they have not.  *See* ECF Doc. 201 at 6-7.  The only "justification" internal to this case that the defendants have identified in their motion is Sultaana's *pro se* status.  *See* ECF Doc. 201 ("To stem Plaintiff's tide of ***pro se*** litigation . . .").  Was this apostrophe correctly placed?  Surely, the defendants **cannot** mean that every indigent litigant who represents himself should be declared a vexatious litigator.  And, although Sultaana has made a stunning number of filings after the remand from the court of appeals, the court is – and **must be** – more tolerant than what defendants propose.[1]  At this time, the defendants have not presented a compelling reason why the court should exercise its discretion to impose such an extreme sanction as declaring Sultaana vexatious and restricting his

---

[1] The court notes that *pro se* litigants can actually be quite effective.  For example, in 1978, Samuel Sloan argued *pro se* before the U.S. Supreme Court, with Harvey Pitt as opposing counsel on behalf of the U.S. Securities and Exchange Commission.  *See SEC v. Sloan*, 436 U.S. 103 (1978).  In a 9-0 decision, the Supreme Court ruled in Sloan's favor.  *Id.*

ability to file.[2]  Accordingly, the defendants' motion to declare Sultaana a vexatious litigator

(ECF Doc. 201) is DENIED.

## II.     Motions Related to October 25, 2019, Deposition

Next, are Sultaana's motions related to the October 25, 2019, deposition – his "motion to

terminate and suspend deposition" (ECF Doc. 233), "motion to compel" Jerman to be sworn

under oath in Sultaana's presence at deposition (ECF Doc. 235); and "motion to provide true

identity of defendant Richard Williamson via photograph" (ECF Doc. 263).  In his motion to

terminate and suspend the deposition, Sultaana alleges that the defendants acted in bad faith and

"oppress[ed]" him by: (1) refusing to be sworn under oath in his presence; (2) objecting to his

deposition questions; and (3) refusing to show Williamson's face during the deposition.  ECF

Doc. 233 at 1-3; ECF Doc. 235; ECF Doc. 263.  Further, Sultaana asserts that the no joint notice

of deposition was filed because the defendants refused to communicate with him.  ECF Doc. 233

at 2.  Sultaana asks that the court order that: (1) the deposition may be continued; (2) Jerman be

compelled to be sworn under oath in Sultaana's presence and to answer Sultaana's questions

about his exhibits; and (3) the defendants be required to produce a photograph of Williamson to

prove Williamson's identity.  ECF Doc. 233 at 2-3; ECF Doc. 235; ECF Doc. 263.[3]

The defendants respond that Sultaana's motions should be denied because: (1) the failure

to file a joint notice was due to Sultaana's limited availability and lack of cooperation;

(2) Jerman and Williamson appeared for deposition and were sworn in by the court reporter;

---

[2] Sultana is already on notice that malicious filings will not be tolerated, given his prior designations as a
vexatious litigator.

[3] Sultaana also claims that the defendants told him that they would not provide him a copy of the
deposition transcript, and that the court reporter would provide it only after he pays the fee.  ECF Doc.
233 at 2.  He requests that the court order the parties to stipulate to the custody of the deposition
transcripts.  ECF Doc. 233 at 3.  The Court addressed the issue of deposition transcript fees in its
November 15, 2019, order.  See ECF Doc. 265 (explaining that, if Sultaana wishes to obtain a copy of the
transcripts, he must pay the court reporter's fee).

(3) Sultaana did not produce supplemental documents as ordered or identify the documents he wished to use at deposition; and (4) Sultaana voluntarily terminated the deposition of Williamson before the purported video issue (causing Sultaana to not be able to see Williamson) could be resolved. ECF Doc. 239 at 1-2.

The gravamen of Sultaana's motion is that he wishes to have another opportunity to depose the defendants. This would require modification of the scheduling order, setting the deadline for depositions. *See* ECF Doc. 214. And to persuade this court to grant such a motion, Sultaana must show good cause. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Sultaana has not met this burden. To begin, any defect in the notice of deposition is moot, because the record demonstrates that Sultaana, Jerman, and Williamson appeared for the October 25, 2019, deposition. *See* ECF Doc. 233; ECF Doc. 239; *cf. Shutte v. Thompson*, 82 U.S. 151, 161 (1872) ("[F]ormal errors and defects in taking depositions may be waived."); *Selin v. Snyder*, 7 Serg. & Rawle 166, 172 (Penn. 1821) ("It is incumbent on the party who offers a deposition in evidence, to prove that it was taken according to notice, unless the adverse party attended, in which case any defect of notice is cured."); *Southern K.R. Co. v. Robbins*, 43 Kan. 145, 147 (1890) ("[N]otice is only given to furnish the opposing party an opportunity to appear, and therefore the appearance waives a defect in the notice.". Moreover, Sultaana forfeited any argument challenging the substance of the deposition or his ability to take the defendants' depositions when he voluntarily terminated his deposition session. Although Sultaana now asserts that the defendants did not participate in the deposition in good faith, he has offered no evidence to support this assertion. *See generally* ECF Doc. 233. And it is nearly axiomatic that a court need not accept unsupported or conclusory statements as true. *Cf. Alexander v.*

*CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) ("Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute . . .").  Finally, Sultaana has not pointed to any authority requiring deponents be put under oath in an opponent's presence, or authorizing the court to require a deponent produce a picture of himself after the deposition.  *See* ECF Doc. 233; ECF Doc. 235; ECF Doc. 263; *see also* Fed. R. Civ. P. 30 (requiring only that the *court reporter* administer the oath on the record).  Accordingly, Sultaana's "motion to terminate and suspend deposition" (ECF Doc. 233), "motion to compel" Jerman to be sworn under oath in Sultaana's presence at deposition (ECF Doc. 235); and "motion to provide true identity of defendant Richard Williamson via photograph" (ECF Doc. 263) are DENIED.

## III.     Defendant's Motion to Extend Deadline

The defendants moved to extend the deadline to file a response to Sultaana's motions to strike to November 18, 2019.  ECF Doc. 252.  Sultaana never opposed the motion.  *See generally* CM/ECF for N.D. Ohio Case No. 1:15-cv-382.  The defendants' motion to extend the deadline to file a response to Sultaana's motions to strike (ECF Doc. 252) is GRANTED.

## IV.     Motions to Strike

Sultaana moves to strike all of the defendants' filings after October 18, 2019, for lack of service, based on a claim that he never received anything from the defendants.  ECF Doc. 237. He also seeks to strike "attachment number 2" from his "certificate filing" (ECF Doc. 232), which is a copy of the proposed joint notice from the defendants' October 24, 2019 status report. ECF Doc. 238.  Sultaana states that he never attached that document to his "certificate filing," and that he did not endorse the defendants' proposed joint notice.  ECF Doc. 238.  Sultaana also seeks to strike the defendants' October 24, 2019, status report for lack of service and because the defendants did not file their "proposed joint notice" within the deadline the court set for filing a

joint notice of deposition.  ECF Doc. 240.  Finally, Sultaana seeks to strike the defendants'

notice of intent (ECF Doc. 279) to use Sultaana's deposition at trial.  ECF Doc. 291.  The

defendants respond that Sultaana's motions to strike should be denied because: (1) they served

him with copies of their filings via mail and, at Sultaana's request, e-mail; and (2) any defects in

the notice of deposition were mooted or waived because Sultaana appeared for his deposition.

ECF Doc. 257; ECF Doc. 266.

The court may strike improvident filings based on its inherent authority to manage its

own docket.  *Cf. American Civil Liberties Union of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451

(6th Cir. 2010) ("[B]ased on the district court's power to manage its own docket, the court had

ample discretion to strike Defendants' late renewed motion for summary judgment.").

Sultaana's motions to strike the defendants' status report (ECF Doc. 229) and the

proposed joint notice of deposition attached to his "certificate filing" (ECF Doc. 232-2) are both

related to the issue of whether Sultaana received notice for the October 25, 2019, deposition.  As

discussed above, any issues related to that matter are moot because Sultaana, Jerman, and

Williamson appeared for the depositions.  *See* Page 8, *supra*.  Further, to the extent Sultaana

seeks to strike *all of the defendants' filings* after October 18, 2019, he has not shown why this

court should exercise its discretion to strike those filings.  A review of the record shows that,

between October 18, 2019, and Sultaana's motion to strike, the defendants filed five documents:

(1) a notice of attorney appearance (ECF Doc. 226); (2) a notice of proposed subpoena (ECF

Doc. 227); (3) a pre-deposition status report (ECF Doc. 229); (4) a supplemental notice of

deposition (ECF Doc. 230); and (5) a post-deposition status report (ECF Doc. 231).  Each of

those documents, except the supplemental notice of deposition, recites that it was mailed to

Sultaana at Lebanon Correctional Institution.  ECF Doc. 226 at 2; ECF Doc. 227 at 2; ECF Doc.

229 at 3; ECF Doc. 231 at 2. The supplemental notice of deposition recites that it was sent to Sultaana's e-mail address, as he had requested during the October 4, 2019, telephone conference. ECF Doc. 230; *see also* ECF Doc. 214. Sultaana has not provided any support for his proposition that he was not served via mail or a manner of his choosing (e-mail). And, again, any defect in the service of the documents related to the deposition is moot. *See* Page 8, *supra*.

Finally, Sultaana's motion to strike (ECF Doc. 291) the defendants' notice of intent to use Sultaana's deposition at the December 2, 2019 trial is moot because the court has continued the trial date and no new trial date has been set. *See* ECF Doc. 282.

The court declines to exercise its discretion to strike any of the documents Sultaana seeks to strike. Accordingly, Sultaana's motions to strike (ECF Doc. 237; ECF Doc. 238; ECF Doc. 240; ECF Doc. 291) are DENIED.

## V.      Motion for Order for Civilian Clothing

Sultaana seeks an order allowing him to wear civilian clothing at trial. ECF Doc. 264. In *McElwain v. Harris*, the District of New Hampshire was confronted with a defendant-prisoner's motion to wear civilian clothing at a civil trial. No. 1:05-cv-93, 2006 U.S. Dist. LEXIS 21856, at *10-13 (D.N.H., Apr. 18, 2006). The court noted that courts must avoid practices that might undermine the fairness of the trial and that prisoners may not be required to wear identifiable prison garb during criminal trials. *Id.* at *10-11 (collecting cases). The court also noted that the Courts of Appeals that addressed whether restraints were permitted at civil trial have permitted them when necessary to maintain safety. *Id.* at *12 (collecting cases). The court concluded that, unlike restraints, prison attire served no safety policy and would serve only to undermine the defendant's right to a fair trial on damages stemming from her homicide. *Id.* at *12. Arguably, Sultaana faces greater danger than the *McElwain* prisoner faced – his status as a prisoner is

11

unrelated to his claim and requiring him to wear prison attire would effectively be admitting character evidence against him. The potential juror bias here would be inescapable. To the extent that Sultaana actually seeks to be *provided* with civilian clothing, however, he has not pointed to any authority that would allow this court to issue such an order. *See* ECF Doc. 264. Sultaana's motion *to be allowed* to wear civilian clothes at trial (ECF Doc. 264) is GRANTED. But, if he wishes to wear civilian clothes, he will need to arrange the attire himself.

## VI. Prison Law Library Access

Sultaana also seeks an order that Lebanon Correctional Institution provide Sultaana access to a law library to prepare a trial brief. ECF Doc. 272. A prisoner's right to access the courts includes the right to meaningful law library access but does not guarantee the prisoner right to any particular hours, unfettered access, or special access. *See Thomas v. Campbell*, 12 F. App'x 295, 297 (6th Cir. 2001); *see also Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985) (Inmates are not guaranteed "some minimum amount of time n the prison law library"). Sultaana does not alleged that Lebanon Correctional Institution has barred him from accessing the prison law library within its normal allowances. Moreover, because the court has not ordered Sultaana to prepare a trial brief, Sultaana cannot show that any inability to prepare a trial brief would hinder his access to pursue his legal claims. *Cf. Lewis v. Casey*, 518 U.S. 343, 351 (1996) (an access-to-the-courts claim based on law library access requires a prisoner to show that his lack of access "hindered his efforts to pursue a legal claim"). This court sees no reason why it should order Lebanon Correctional Institution to provide Sultaana with special law library access to prepare a brief that he has not been ordered to prepare. Sultaana's motion (ECF Doc. 272) is DENIED.

## VII. Motion for Clerk to Forward Doc. 258

In his "motion for clerk to forward document number 258," Sultaana states that he has not received a copy of the court's November 13, 2019 order (ECF Doc. 258) regarding the issuance of subpoenas. ECF Doc. 284. The court notes that the order is now vacated; nevertheless, Sultaana is entitled to a copy of it. *See* ECF Doc. 293 (vacating subpoena order, ECF Doc. 258). Accordingly, Sultaana's motion for the clerk to forward him a copy of that order is GRANTED.

## VIII. Emergency Motion for Reconsideration

Sultaana's motion for reconsideration urges the court to reconsider its November 25, 2019 order granting the defendants' motion (ECF Doc. 270) to continue trial and for leave to file a motion for summary judgment. ECF Doc. 288. Specifically, Sultaana argues that the time for summary judgment has closed and the court should not have granted the defendants' motion without Sultaana having an opportunity to respond to it. ECF Doc. 288. Generally, a motion for reconsideration requires a movant to show: (1) an intervening change in controlling law; (2) new evidence that was not available before the challenged order was entered; or (3) that the failure to reconsider the order would result in a clear error of law or manifest injustice. *Cf. Bridgestone Ams. Tire Operations, LLC v. Pac. Employers Ins. Co.*, No. 5:11-cv-350, 2013 U.S. Dist. LEXIS 26968 (N.D. Ohio, Feb. 27, 2013).

Sultaana's motion does not point to any changes in controlling law or new evidence; however, he does – liberally construed – assert that a manifest injustice would occur from not reconsidering the continuance order. *Id.*; *see* ECF Doc. 288. Specifically, Sultaana invokes his due process rights and claims that the court was required to give him an opportunity to respond to the motion before ruling upon it. ECF Doc. 288. But Sultaana's argument misses the mark.

13

Under the federal rules, a court may "without motion or notice" extend time. Fed. R. Civ. P. 6(b). Obviously, under such circumstances a litigant would not be able to oppose the extension before it is given. Instead, the due process requirement that a litigant be given a meaningful opportunity to oppose the extension must come *after the extension is granted. See Anderson v. True*, No. 15-cv-11703, 2017 U.S. Dist. LEXIS 122255, at *3-4 (E.D. Mich., Aug. 3, 2017) (holding that an ex parte enlargement of time did not violate a litigant's due process rights because the party had a meaningful opportunity to move for dissolution of the order granting the enlargement of time). Here, the temporal proximity of trial required the court to act quickly upon the defendants' motion to continue, and Sultaana has had the opportunity to move to reconsider (or reverse) the order granting the continuance. Moreover, Sultaana cannot show that the court's order continuing trial has in any way prejudiced him because: (1) Sultaana himself has sought to extend the trial date for additional motions and preparations; and (2) the continuance does not prevent Sultaana from litigating his case, but merely gives him and the defendants more time to do so. *See* ECF Doc. 169 (motion to reconsider order setting trial date). Thus, Sultaana cannot show that a manifest injustice has or would occur. Accordingly, Sultaana's motion for reconsideration (ECF Doc. 288) is DENIED.

## IX. Summary

To summarize, the defendants' motion to revoke Sultaana's IFP status and declare him a vexatious litigator (ECF Doc. 201) is DENIED. The defendants' motion for an extension (ECF Doc. 252) is GRANTED. Sultaana's motions to terminate and suspend deposition (ECF Doc. 233), compel Jerman (ECF Doc. 235); strike all of the defendants' filings after October 18, 2019 (ECF Doc. 237); strike attachment number 2 to document 232 (ECF Doc. 238); strike document 229 (ECF Doc. 240); provide a photograph of Williamson (ECF Doc. 263); order that he be

allowed to wear civilian clothing (ECF Doc. 264); order Lebanon Correctional Institution to provide him with special law library access (ECF Doc. 272); motion for reconsideration (ECF Doc. 288); and motion to strike the defendants' notice of intent to use his deposition (ECF Doc. 291) are DENIED. Sultaana's motion for the clerk to forward him a copy of the subpoena order (ECF Doc. 284) is GRANTED. The Clerk is directed to send Sultaana a copy of the subpoena order (ECF Doc 258) to Sultaana when it sends him a copy of this order.

**IT IS SO ORDERED.**

Dated: November 27, 2019

Thomas M. Parker
United States Magistrate Judge